OPINION
Defendant-appellant Andre D. Hampton appeals his conviction and sentence from the Stark County Court of Common Pleas on two counts of possession of cocaine in violation of R.C. 2925.11. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 16, 1999, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree in Case No. 1999CR0991A. At his arraignment on September 24, 1999, appellant entered a plea of not guilty to the charge in such case.
Thereafter, the Stark County Grand Jury, on October 7, 1999, indicted appellant on a second charge of possession of cocaine in violation of R.C. 2925.11(A) in Case No. 1999CR1107. Appellant, on October 15, 1999, entered a not guilty plea.
Subsequently, on October 27, 1999, appellant withdrew his former pleas and entered pleas of guilty to the two charges of possession of cocaine. As memorialized in Judgment Entries filed on November 1, 1999, on the same date, appellant was sentenced to five years in prison on both counts and appellant's driver's license was suspended for a period of six months. The trial court further ordered that appellant's two sentences be served concurrently.
Pursuant to a Judgment Entry filed on July 24, 2000, this Court granted appellant's motion for leave to file a delayed appeal pursuant to App.R. 5(A). It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR II
 APPELLANT WAS DENIED FUNDAMENTAL DUE PROCESS OF LAW AT THE TIME HIS PLEA OF GUILTY WAS ACCEPTED, IN THAT THE TRIAL COURT FAILED TO MAKE FULL DETERMINATION IN REGARD TO APPELLANT'S UNDERSTANDING OF THAT TO WHICH HE WAS PLEADING GUILTY, AND TO THE ELEMENTS OF THE CRIME THAT HE WAS CHARGED WITH.
 I, II
Appellant, in his first assignment of error, argues that he was denied the effective assistance of trial counsel since his trial counsel failed to proceed with a motion to suppress evidence that may have resulted in a dismissal of one of the charges against him. Appellant, in his brief before this Court, specifically argues as follows:
 . . . In this present matter, Appellant's trial counsel failed to have a suppression hearing before he allowed his client to change his plea. The Appellant's trial counsel had stoped [sic] the Appellants suppression hearing without consulting with the Appellant first, see Pleas and sentencing transcript Pg. 13 Lines 15 . . . The Court stated we didn't hold the suppression hearing because you indicated that you didn't want to go forward, the Appellant answer . . . I didn't want it??? At this time the Appellant was so confused with the things that his trial counsel and the court was trying to say to him, and at this time the Court kept saying then we will go to trial in the morning. (Emphasis added.)
In his second assignment of error, appellant maintains that the trial court failed to advise him of the nature and elements of the charges against him.
As is stated above, this Court, pursuant to a Judgment Entry filed on July 24, 2000, granted appellant's motion for leave to file a delayed appeal pursuant to App.R. 5(A). Such rule states as follows:
 After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney. (Emphasis added.)
Such rule is mandatory and jurisdictional. See State v. Fisher (1975),46 Ohio App.2d 279. A review of the record in this matter reveals that appellant has failed to file a notice of appeal concurrently with his motion for leave to file a delayed appeal. In fact, appellant has never filed a notice of appeal in this matter. For such reason, this Court has no jurisdiction to consider appellant's appeal.
Accordingly, appellant's appeal is dismissed for lack of jurisdiction.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, appellant's appeal is dismissed for lack of jurisdiction. Costs waived.
 _____________ Edwards, P.J.
Gwin, J. and Hoffman, J. concurs.